

1  Russell B. Hill (SBN 190070)
   E-mail: hillr@howrey.com
2  Andrew S. Dallmann (SBN 206771)
   E-mail: dallmanna@howrey.com
3  Alyson G. Barker (SBN 244672)
   E-mail: barkera@howrey.com
4  HOWREY LLP
   4 Park Plaza, Suite 1700
5  Irvine, CA 92614
   Telephone: (949) 721-6900
6  Facsimile: (949) 721-6910

7  Attorneys for Plaintiff
   Steril-Aire, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  STERIL-AIRE, INC., a Nevada          )  Case No.   **SACV08-00682 AHS (ANx)**
    corporation,,                        )
13                                       )  **COMPLAINT FOR INJUNCTIVE**
                                         )  **RELIEF AND DAMAGES**
14              Plaintiff,               )
                                         )
15          vs.                          )
                                         )
16  FIRST LIGHT TECHNOLOGIES, INC.,      )  **DEMAND FOR JURY TRIAL**
    a Vermont corporation; and UV        )
17  RESOURCES, LLC, a California         )
    corporation; and FORREST B. FENCL, a )
18  California individual,               )
                                         )
19              Defendants.              )
    _____)

20

21

22

23

24

25

26

27

28

HOWREY LLP

                                           COMPLAINT FOR INJUNCTIVE
                                           RELIEF AND DAMAGES

DM_US:21291449_3

Plaintiff Steril-Aire, Inc. ("Steril-Aire") alleges as follows:

1.    This action arises from Defendants' orchestrated scheme to engage in the unauthorized manufacture, marketing, use, and/or sale of Steril-Aire's patented, original, distinctive, and recognizable line of germicidal lamps. Defendants' lamps infringe Steril-Aire's trademarks and trade dress rights, constitute unfair competition under federal and state law, and constitute breach of contract under state law. Defendants' marking of Steril-Aire's patent numbers on their products constitutes false marking under federal law. Steril-Aire seeks to enjoin Defendants' actions and recover damages, as set forth below.

I.    **JURISDICTION AND VENUE**

2.    This Court has original subject matter jurisdiction over the federal law claims in this action pursuant to 35 U.S.C. § 1 *et seq.*, 15 U.S.C. § 1127 *et seq.*, 15 U.S.C. § 1501 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds the sum or value of §75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties.

II.    **THE PARTIES**

4.    Steril-Aire is a corporation duly organized and existing under the laws of the State of Nevada.

5.    Steril-Aire is informed and believes that Defendant First Light Technologies, Inc. ("First Light"), is a corporation duly organized and existing under the laws of the State of Vermont. Steril-Aire is further informed and believes that First Light otherwise does business in the Central District of California.

HOWREY LLP

-1-

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

DM_US:21291449_3

1      6.     Steril-Aire is informed and believes that Defendant UV Resources is a
2 corporation duly organized and existing under the laws of the State of California. Steril-
3 Aire is further informed and believes that UV Resources otherwise does business in the
4 Central District of California.

5      7.     Steril-Aire is informed and believes that Defendant Forrest Fencl is an
6 individual residing in Huntington Beach, California. Steril-Aire is further informed and
7 believes that Forrest Fencl otherwise does business in the Central District of California.

8 **III.    STERIL-AIRE'S LINE OF GERMICIDAL LAMPS**

9      8.     Steril-Aire is a leading U.S. manufacturer and distributor of a line of
10 ultraviolet emitters ("UVC Emitters®") that improve indoor air quality by eliminating
11 mold and infectious diseases from heating, ventilation, air conditioning, and
12 refrigeration systems.

13      9.     Steril-Aire first introduced its proprietary UVC Emitters® in 1995. It was
14 the first company to engineer a line of UVC Emitters® that were specifically designed
15 for use by the HVAC and refrigeration industries. Steril-Aire's UVC Emitters® contain
16 unique features and are manufactured in specific size configurations that are not
17 available from other suppliers, and are entitled to trade dress protection. As a result of
18 its innovation and quality, Steril-Aire's products are used in thousands of commercial
19 buildings and private homes throughout the United States.

20     10.    Steril-Aire's innovation in engineering and product development have
21 earned it's products several United States patents, including U.S. Patent Nos. 5,334,347,
22 5,817,276, 6,245,293, 6,267,924, 6,313,470, 6,627,000, and 5,866,076 as well as
23 numerous awards for improving system cleanliness, efficiency, building comfort, and
24 energy conservation.

25     11.    Steril-Aire has sought and maintained registered trademark protection for
26 the name "Steril-Aire®" including the logo used to depict the name. The Steril-Aire
27 trademarks are protected under U.S. Trademark Registration Nos. 2948085, 3008555,
28 and 2230366.

1        12.     Steril-Aire's products utilize a distinctive blue color for the ends of its

2  UVC Emitters® that is entitled to trade dress protection.

3  **IV.     STERIL-AIRE'S CONTRACT WITH FIRST LIGHT**

4        13.     Steril-Aire is informed and believes that First Light is a manufacturer of

5  standard and custom germicidal lamps and complementary products including quartz

6  sleeves, ceramic bases, and ballasts.

7        14.     Around August 1997, the then president of Steril-Aire, Forrest Fencl,

8  negotiated an agreement with First Light to manufacture custom germicidal lamps for

9  Steril-Aire. In order to preserve the proprietary nature of the plans and specifications

10  for making the Steril-Aire lamps, Steril-Aire and First Light executed a Confidential

11  Disclosure Agreement. As part of this agreement, First Light agreed to "make all

12  reasonable efforts to maintain the Confidential Information as confidential and secret."

13  Attached hereto as Exhibit "A" is a true and correct copy of the Confidential Disclosure

14  Agreement.

15        15.     First Light further agreed that it would "use [Steril-Aire's] Confidential

16  Information only in furtherance of its business relationship with [Steril-Aire's]." See

17  Exhibit "A."

18        16.     At no time since entering into the August 1997 agreement, has First Light

19  been an authorized distributor of Steril-Aire.

20  **V.     FIRST LIGHT'S UNAUTHORIZED MANUFACTURING AND SALE OF**

21          **STERIL-AIRE'S PROPRIETARY LAMPS TO THIRD-PARTY VENDORS**

22          **INCLUDING UV RESOURCES AND FORREST FENCL**

23        17.     Steril-Aire is informed and believes that First Light manufactured,

24  distributed, and sold germicidal lamps using the confidential plans and specifications

25  provided to First Light by Steril-Aire.

26        18.     Steril-Aire is informed and believes that First Light, in conscious disregard

27  to its contractual obligations to Steril-Aire, has, and continues to manufacture,

28  distribute, and sell these lamps to third-parties, including Defendants UV Resources and

                COMPLAINT FOR INJUNCTIVE<br>                                RELIEF AND DAMAGES

1 Forrest Fencl, who are not authorized distributors of Steril-Aire. The third-party
2 vendors have sold Steril-Aire lamps significantly below the sales price of the lamps
3 when sold by Steril-Aire or its authorized distributors.

4      19.    Indeed, Steril-Aire is informed and believes that when Dr. Robert Scheir,
5 Steril-Aire's current president, confronted Kenneth Ell, First Light's president, about his
6 company's unauthorized sale of Steril-Aire lamps, Mr. Ell admitted that First Light was
7 manufacturing, distributing, and selling Steril-Aire lamps to third-parties because First
8 Light was not making enough money just selling to Steril-Aire.

9      20.    Steril-Aire is informed and believes that Defendants First Light, UV
10 Resources and Forrest Fencl have participated in an orchestrated scheme to
11 manufacture, distribute, and sell these lamps on the UV Resources website at prices
12 significantly below the sales price of the lamps when sold by Steril-Aire or its
13 authorized distributors. Attached hereto as Exhibit "B" is a true and correct copy of a
14 webpage printout from UV Resources' website.

15      21.    Steril-Aire is informed and believes that Defendants UV Resources and
16 Forrest Fencl claim to be distributing and selling an exact Steril-Aire lamp replacement.
17 Indeed as stated on the UV Resources website:

18          "Given our unique experiences, buyers of UV-C lamps on this
19          new page are assured they're receiving an exact OEM style
20          replacement for their fixtures, and they can even make credit
21          card purchases."

22          Fencl, President of UV Resources added, "Finally all UV-C
23          users have the opportunity to buy top brand lamp products at
24          the best price so they can 're-lamp' annually (as most fixture
25          manufacturers recommend) without the typical budget issues."

26 Attached hereto as Exhibit "C" is a true and correct copy of select pages from a
27 webpage printout from UV Resources' website.

28

1  **VI.    STERIL-AIRE'S SETTLEMENT AGREEMENT WITH FORREST**
2  **FENCL**

3  22.    In August 2003, Steril-Aire entered into a settlement agreement with
4  Forrest Fencl, the former president of Steril-Aire, related to Mr. Fencl's termination of
5  employment.

6  23.    As part of the settlement agreement, Mr. Fencl agreed not to make or
7  support any statements that suggest or assert he has an ownership right in the Steril-Aire
8  patents. In exchange for this and other provisions, Steril-Aire paid Mr. Fencl valuable
9  consideration.

10  24.    The settlement agreement did not permit Mr. Fencl to sell or distribute
11  Steril-Aire products or to hold himself out as connected in any way to Steril-Aire.

12  **VII.    FENCL'S RELATIONSHIP WITH UV RESOURCES**

13  25.    Steril-Aire is informed and believes that UV Resources is a corporation
14  founded and operated by Forrest Fencl. Mr. Fencl is president and the registered agent
15  of UV Resources. UV Resources is in the business of marketing and selling germicidal
16  lamps and their component parts or complementary accessories including replacement
17  lamps.

18  26.    UV Resources is not and has never been an authorized distributor of Steril-
19  Aire products.

20  27.    Steril-Aire is informed and believes that UV Resources has sold and is
21  offering to sell Steril-Aire replacement lamps under the brand name "Sterile-Air®."
22  See Exhibit "B".

23  28.    Steril-Aire is informed and believes that UV Resources claims their lamps
24  to be an exact Steril-Aire replacement. *See* Exhibit "C".

25  29.    Steril-Aire is informed and believes that UV Resources has sold and is
26  offering to sell replacement lamps and UV lamp fixtures, the latter being marked with
27  U.S. Patent Nos. 5,334,347; 5,817,376 [sic: the Steril-Aire patent number is 5,817,276];
28  6,245,924 [sic: the Steril-Aire patent numbers are 6,245,293 and 6,267,924]; 6,313,470;

1   and 6,627,000.  These patents are all assigned to Steril-Aire.  Attached hereto as Exhibit

2   "D" is a true and correct copy of the label affixed to the UV Resources lamp fixture.

3       30.    Steril-Aire is informed and believes that Forrest Fencl and UV Resources,

4   in conscious disregard to Mr. Fencl's contractual obligations to Steril-Aire, has, and

5   continues to falsely mark fixtures with Steril-Aire's patent numbers, and with the

6   erroneous patent numbers 5,817,376 and 6,245,924, with the intent to deceive the

7   public.

8       31.    Steril-Aire is informed and believes that Forrest Fencl, as the former

9   president of Steril-Aire, had access to Steril-Aire's confidential customer list.

10      32.    Steril-Aire is informed and believes that Defendants are improperly using

11  Steril-Aire's confidential customer list to further their scheme of selling UVC lamps in

12  violation of the Steril-Aire/First Light agreement and in violation of Mr. Fencl's duty to

13  keep Steril-Aire's customer list confidential.

14                          **FIRST CAUSE OF ACTION**

15      **TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT,**

16  **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

17                      **(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

18      33.    Steril-Aire re-alleges and incorporates the allegations set forth in

19  paragraphs 1 through 32 herein.

20      34.    On information and belief, Defendants, with full knowledge of Steril-

21  Aire's rights in the trademarks and trade dress of the Steril-Aire lamps, and of the

22  valuable goodwill associated therewith, have committed the acts alleged herein

23  willfully, with the intent to trade on, or in complete disregard of, Steril-Aire's goodwill

24  and the goodwill associated with Steril-Aire's trademarks and trade dress through

25  Defendants' manufacturing, sale, and marketing of the Steril-Aire lamps.

26      35.    Defendants' use of "Sterile-Air®" is an unauthorized use of Steril-Aire's

27  distinctive and source identifying trademarks and trade dress in the Steril-Aire lamps

28  and falsely indicates that Steril-Aire or its agents are connected with, sponsored,

HOWREY LLP

-6-

DM_US:21291449_3

1  endorsed, authorized, or approved by, or affiliated with Defendants, or that Defendants
2  are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with
3  Steril-Aire.

4      36.   Defendants' use of Steril-Aire's trademarks and trade dress in and to the
5  Steril-Aire lamps, is likely to cause confusion, mistake or deception as to the source or
6  affiliation of Defendants' goods and services.

7      37.   Defendants' unauthorized use of Steril-Aire's trademarks and trade dress in
8  the Steril-Aire lamps in connection with Defendants' goods and services allows
9  Defendants to receive the benefit of Steril-Aire's goodwill, which Steril-Aire has
10  established at great labor and expense, and further allows Defendants to gain acceptance
11  of its goods and services, based not on their own qualities and ingenuity, but on the
12  reputation, investment, hard work and goodwill of Steril-Aire.

13      38.   The acts of Defendants complained of herein constitute a false designation
14  of origin and infringement, in violation of Section 43(a) of the Lanham Act, 15 U.S.C.
15  § 1125(a).

16      39.   The acts of Defendants complained of herein were committed willfully.

17      40.   As a result of the foregoing alleged actions of Defendants, Defendants are
18  being unjustly enriched and Steril-Aire has been and is being injured and damaged,
19  which will be proven at trial. Unless the foregoing alleged actions of Defendants are
20  enjoined, Steril-Aire will continue to suffer injury and damage.

21  **SECOND CAUSE OF ACTION**
22  **TRADEMARK INFRINGEMENT, TRADE DRESS**
23  **INFRINGEMENT AND UNFAIR COMPETITION**
24  **(Common Law of California)**

25      41.   Steril-Aire re-alleges and incorporates the allegations set forth in
26  paragraphs 1 through 32 herein.

27      42.   The acts of Defendants complained of herein constitute infringement and
28  unfair competition in violation of the common law of California.

HOWREY LLP   DM_US:21291449_3   COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.   On information and belief, Defendants, with full knowledge of Steril-Aire's rights in the trademarks and trade dress of the Steril-Aire lamps, and of the valuable goodwill associated therewith, has committed the acts alleged herein willfully, with the intent to trade on, or in complete disregard of, Steril-Aire's goodwill and the goodwill associated with Steril-Aire's trademarks and trade dress through Defendants' manufacturing, sale, and marketing of the Steril-Aire lamps.

44.   As a result of the foregoing alleged actions, Defendants have been unjustly enriched, and Steril-Aire has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, Steril-Aire will continue to suffer injury and damage.

45.   As a direct and proximate result of Defendants' acts of unfair competition, Defendants have obtained and continue to obtain gains, profits, and advantages, which will be proven at trial.

### THIRD CAUSE OF ACTION
### BREACH OF THE STERIL-AIRE/FIRST LIGHT CONFIDENTIAL
### DISCLOSURE AGREEMENT

46.   Steril-Aire re-alleges and incorporates the allegations set forth in paragraphs 1 through 32 herein.

47.   Steril-Aire has performed all the terms and conditions that it was obligated to perform as part of the Steril-Aire/First Light Confidential Disclosure Agreement.

48.   First Light's unauthorized manufacture and sale of Steril-Aire products manufactured with Steril-Aire's proprietary information has caused and will continue to cause unjust enrichment to First Light and the unauthorized third-parties, including Defendants UV Resources and Forrest Fencl, who are distributing the unauthorized lamps.  First Light's unauthorized manufacture and sale of Steril-Aire products has caused and will continue to cause injuries and damages to Steril-Aire, which will be proven at trial.

HOWREY LLP

DM_US:21291449_3

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

1 | **FOURTH CAUSE OF ACTION**

2 | **BREACH OF THE FENCL/STERIL-AIRE SETTLEMENT AGREEMENT**

3 |     49.    Steril-Aire re-alleges and incorporates the allegations set forth in

4 | paragraphs 1 through 32 herein.

5 |     50.    Mr. Fencl's and UV Resourcers' unauthorized distribution of Steril-Aire

6 | products bearing the Steril-Aire trademarks, trade dress, and patent numbers has caused

7 | and will continue to cause unjust enrichment to Defendants by suggesting that Mr. Fencl

8 | and UV Resources are an authorized distributor, owner, or licensee of Steril-Aire.  Mr.

9 | Fencl's and UV Resources' sale of Steril-Aire products has caused and will continue to

10 | cause injuries and damages to Steril-Aire, which will be proven at trial.

11 | **FIFTH CAUSE OF ACTION**

12 | **UNFAIR COMPETITION**

13 | **(California Unfair Competition Statute, Cal. Bus. Code § 17200 et seq.)**

14 |     51.    Steril-Aire re-alleges and incorporates the allegations set forth in

15 | paragraphs 1 through 32 herein.

16 |     52.    Through its manufacture and sale of Steril-Aire's lamps, Defendants are

17 | making unauthorized commercial use of Steril-Aire's distinctive and source identifying

18 | trademarks and trade dress, patent numbers, confidential technical information, and

19 | confidential customer information, in a deliberate, willful, intentional, and wrongful

20 | attempt to trade off Steril-Aire's goodwill, reputation, and financial investment in these

21 | designs.

22 |     53.    By reason of the conduct described above, Defendants have engaged in

23 | unlawful, unfair and/or fraudulent ongoing business practices.

24 |     54.    As a direct result of Defendants' unfair competition, Defendants have

25 | unlawfully acquired, and continue to acquire on an on-going basis, an unfair

26 | competitive advantage and have engaged, and continue to engage, in wrongful business

27 | conduct to their advantage and to the detriment of Steril-Aire.

28 |

HOWREY LLP

-9-

DM_US:21291449_3

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

1      55.    The acts of Defendants complained of herein constitute unfair competition

2  in violation of the California Unfair Competition Statue, Cal. Bus. & Prof. Code §

3  17200, as they are likely to deceive and mislead the public.

4      56.    As a result of the foregoing alleged actions of Defendants, Defendants have

5  been unjustly enriched, and Steril-Aire has been injured and damaged, which will be

6  proven at trial.  Unless the foregoing alleged actions of Defendants are enjoined, Steril-

7  Aire will continue to suffer injury and damage.

8  **SIXTH CAUSE OF ACTION**

9  **FOR PATENT FALSE MARKING MARK**

10  **(35 U.S.C. § 292)**

11      57.    Steril-Aire re-alleges and incorporates the allegations set forth in

12  paragraphs 1 through 32 herein.

13      58.    On information and belief, Defendants Forrest Fencl and UV Resources,

14  with full knowledge of Steril-Aire's rights to its patents, and with full knowledge of Mr.

15  Fencl's contractual obligations to Steril-Aire, have willfully and falsely marked Steril-

16  Aire's patent numbers on UV Resources' UV lamp fixtures.

17      59.    Forrest Fencl and UV Resources' false marking was done with the intent to

18  deceive the public, and to induce the public into believing that Forrest Fencl and UV

19  Resources' fixtures were and are made, offered for sale, sold, or imported into the

20  United States by or with the consent of Steril-Aire.

21      60.    The acts of Forrest Fencl and UV Resources complained of herein

22  constitute patent false marking in violation of the Patent Act, 35 U.S.C. § 292.

23      61.    The acts of Forrest Fencl and UV Resources complained of herein were

24  committed willfully.

25      62.    As a result of the foregoing alleged actions of Forrest Fencl and UV

26  Resources, Defendants are being unjustly enriched and Steril-Aire has been and is being

27  injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined,

28  Steril-Aire will continue to suffer injury and damage.

HOWREY LLP

DM_US:21291449_3

COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES